IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER CROOM, #R23966** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | Case No. 3:21-cv-00896-SMY |
| | ) | |
| **ANTHONY WILLS,** | ) | |
| **JOSH SCHOENBECK,** | ) | |
| **TERRENCE JACKSON,** | ) | |
| **WALKER,** | ) | |
| **JOHN DOE 5,** | ) | |
| **JOHN DOE 6,** | ) | |
| **JOHN DOE 7,** | ) | |
| **JOHN DOE 8,** | ) | |
| **JOHN DOE 9,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher Croom, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was taken to segregation on December 3, 2020 under "investigation status" by Internal Affairs. During questioning, he was informed the mailroom received a letter addressed to him that was saturated with synthetic cannabinoids. Plaintiff denied having knowledge of the letter and stated he would

take a polygraph to prove his innocence. He was issued an offender disciplinary report on December 31, 2020 for "conspiracy to introduce drugs and drug paraphernalia" and "violating state or federal law." (Doc. 1, p. 13). Plaintiff was found guilty of the violations following a disciplinary hearing on January 5, 2021.

The hearing was not conducted by an impartial panel. Lt. John Schoenbeck, who served as the Chair of the Adjustment Committee, was an Internal Affairs staff member. The other two committee members were Terrance Jackson and Correctional Officer Walker. Hearing investigator John Doe 5 failed to investigate the ODR against Plaintiff. Plaintiff was not allowed to call witnesses or have relevant documents available for his defense. The evidence was not sufficient to support the guilty finding.

Plaintiff endured atypical and significant hardship in segregation for 90 days. Because the cell was smaller than a parking space, Plaintiff could not exercise. The cell was smaller than general population and administrative detention cells. Plaintiff was thrown in a freezing cold cell with no mattress, sheet, or blanket and had to sleep on a metal bunk in urine-soaked clothing. During the 90 days, he was only allowed to go outside for recreation for 1 ½ hours/one day a week no more than three times due to arbitrariness of staff. All of Plaintiff's property, including hygiene items, paperwork, and clothing, was taken for approximately thirteen days.

On February 17, 2021, while Plaintiff was in segregation, several inmates kicked on doors, set fires, and caused flooding. In response, John Doe 6 walked down the gallery and pepper sprayed into every cell with bars or that had an open door. Plaintiff was sitting on his bed and was pepper sprayed for no reason. John Doe 6 made racial slurs and chose to pepper spray Plaintiff based on race. An hour or so later, John Doe 6 walked down the gallery and again pepper sprayed into every cell with bars or that had an open door, including Plaintiff's cell.

Plaintiff was subsequently removed from his cell and taken to a room where he was handcuffed behind his back and placed on the ground for over eight hours. He urinated on himself because staff would not allow him to use the restroom. When it was time to return him to his cell, John Does 7, 8, and 9 assaulted him. He was struck from behind, knocked down, and then punched and kicked while handcuffed. Plaintiff had done nothing wrong and was not written any disciplinary tickets.

After being released from segregation, Plaintiff wrote grievances on March 4, 2021, that were ignored. He submitted the grievances again on March 14, 2021, as emergency grievances because he believed he had cracked ribs and a spinal injury from the assault by John Does 7, 8, and 9. Those grievances were also ignored. He submitted the grievances for a third time on March 22, 2021, to the Administrative Review Board on March 28, 2021. and to Governor Pritzker on April 1, 2021. Plaintiff did not receive any medical treatment until April 28, 2021.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action: [1]

| | |
|---|---|
| Count 1: | Fourteenth Amendment due process claim against Josh Schoenbeck, Terrence Jackson, Walker, and John Doe 5 for denying Plaintiff due process protections related to the disciplinary proceedings on January 5, 2021. |
| Count 2: | Eighth Amendment claim for unconstitutional conditions of confinement for the conditions of Plaintiff's cell in segregation including the deprivation of his property in segregation. |
| Count 3: | Eighth Amendment use of excessive force claim against John Doe 6 for pepper spraying Plaintiff on February 17, 2021. |
| Count 4: | Fourteenth Amendment equal protection claim against John Doe 6 |

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

|  | for pepper spraying Plaintiff on February 17, 2021 based on his race. |
|---|---|
| Count 5: | Eighth Amendment use of excessive force claim against John Does 7, 8, and 9 for assaulting Plaintiff on February 17, 2021. |
| Count 6: | Eighth Amendment deliberate indifference to serious medical needs claim for denying Plaintiff medical treatment after the February 17, 2021 assault. |
| Count 7: | Fourteenth Amendment due process claim for ignoring Plaintiff's grievances about the February 17, 2021 assault. |

## Discussion

Because Plaintiff does not associate any of the named defendants with the claims in Counts 2, 6, and 7, those claims will be dismissed. Plaintiff's allegations are sufficient for Count 1 to proceed against Josh Schoenbeck, Terrence Jackson, Walker, and John Doe 5, for Count 3 to proceed against John Doe 6, and for Count 5 to proceed against John Does 7, 8, and 9.

The allegations in the Complaint do not support the claim in Count 1 against Anthony Wills. Plaintiff's only allegation against Wills is that he failed to appoint a hearing investigator to investigate "all major disciplinary reports." (Doc. 1, p. 1). Because there are no allegations that Wills was personally involved in an alleged deprivation of Plaintiff's constitutional rights, he will be dismissed. *See Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Plaintiff's allegations are also insufficient to support the claim in Count 4. To state a viable equal protection claim, Plaintiff must allege (1) he was intentionally treated differently from others similarly situated; and (2) the discriminatory treatment was based on a suspect classification, impinged on a fundamental right, or there is no rational basis for the difference in treatment. *Chicago Studio Rental, Inc. v. Ill. Dep't of Commerce*, 940 F.3d 971, 979 (7th Cir. 2019). Here,

4

Plaintiff does not allege he was treated differently from others similarly situated -- he alleges John Doe 6 pepper sprayed every cell that had an open door and the cells with bars. As such, Count 4 will be dismissed.

### Request for Injunctive Relief

The Warden of Menard Correctional Center, in his/her official capacity, will be added to the docket for purposes of Plaintiff's request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Official Capacity Claims

Plaintiff asserts claims against Defendants in their individual and official capacities. He may pursue his claims for monetary damages against Defendants in their individual capacities only. *See*, *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, the official capacity claims are dismissed without prejudice (with the exception of the official capacity claim against the Warden of Menard Correctional Center on the claim for injunctive relief).

### Identification of Doe Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Menard Correctional Center shall respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to

substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

Count 1 will proceed against Josh Schoenbeck, Terrence Jackson, Walker, and John Doe 5, Count 3 will proceed against John Doe 6, and Count 5 will proceed against John Does 7, 8, and 9. Counts 2, 4, 6, and 7, and Defendant Anthony Wills are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Wills as a party and to **ADD** the current Warden of Menard Correctional Center, in his/her official capacity, for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Schoenbeck, Jackson, Walker, and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 23, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.