IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER CROOM, #R23966** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-00896-SMY |
| ) | |
| **ANTHONY WILLS,** ) | |
| **JOSH SCHOENBECK,** ) | |
| **TERRENCE JACKSON,** ) | |
| **WALKER,** ) | |
| **JOHN DOE 5,** ) | |
| **JOHN DOE 6,** ) | |
| **JOHN DOE 7,** ) | |
| **JOHN DOE 8,** ) | |
| **JOHN DOE 9, and** ) | |
| **WARDEN OF MENARD** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher Croom, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This matter is now before the Court on a Motion to Dismiss or, in the alternative, to Sever Counts 3 and 5 filed by Defendants Wills, Schoenbeck, Walker, and Jackson (Doc. 21).

Following preliminary review of Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims:

> Count 1: Fourteenth Amendment due process claim against Josh Schoenbeck, Terrence Jackson, Walker, and John Doe 5 for denying Plaintiff due process protections related to the disciplinary proceedings on January 5, 2021.
>
> Count 3: Eighth Amendment use of excessive force claim against John Doe

       6 for pepper spraying Plaintiff on February 17, 2021.

Count 5:  Eighth Amendment use of excessive force claim against John Does 7, 8, and 9 for assaulting Plaintiff on February 17, 2021.

## Discussion

Under Federal Rule of Civil Procedure 20, a plaintiff may not assert unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff's claim asserted in Count 1 involves a separate occurrence and different defendants than the claims asserted in Counts 3 and 5. Accordingly, consistent with *George v. Smith* and *F.R.C.P.* 20 and 21, Counts 3 and 5 will be severed into a separate action against John Does 6, 7, 8, and 9. The Warden of Menard Correctional Center will remain a defendant in both cases based on Plaintiff's request for injunctive relief and to respond to discovery for the purpose of identifying the Doe defendants only.

## Disposition

Defendants' Motion to Dismiss is **DENIED**; the Motion to Sever Counts 3 and 5 is **GRANTED**. Counts 3 and 5 and John Does 6, 7, 8, and 9 are **SEVERED** into a new case. In the newly severed case, the Clerk of Court is **DIRECTED** to file the following documents:

- The Complaint (Doc. 1);
- The Merit Review Order (Doc. 11); and

- This Order.

The Clerk of Court is **DIRECTED** to terminate John Does 6, 7, 8, and 9 as defendants in this case (21-896). The Warden of Menard Correctional Center, in his/her official capacity will remain a defendant in this case and will be **ADDED** as a defendant in the newly severed case based on Plaintiff's request for injunctive relief and to respond to discovery aimed at identifying the Doe defendants.

**IT IS SO ORDERED.**

**DATED: June 2, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**