IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER CROOM, #R23966, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>JOSHUA SCHOENBACK, )<br>TERRANCE JACKSON, )<br>SANDY WALKER, )<br>M. SEVERS, and )<br>WARDEN OF MENARD )<br>CORRECTIONAL CENTER, )<br>)<br>**Defendants.** ) | Case No. 21-cv-00896-SMY |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the Motion to Dismiss Melinda Severs pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 39), Plaintiff's Motion to Compel (Doc. 45), Defendants' Motion to Stay Dispositive Motion Deadline (Doc. 48), and Plaintiff's Motions for Copies (Docs. 49, 51).

### Background

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred at Menard Correctional Center. (Doc. 1). Relevant to the pending motion, Plaintiff alleges that he was issued an offender disciplinary report (ODR) for conspiracy to introduce drugs and drug paraphernalia at the prison on December 31, 2020, after Menard's mailroom staff received incoming mail addressed to him that was saturated with synthetic cannabinoids. Plaintiff was found guilty at a prison disciplinary hearing on January 5, 2021.

1

Plaintiff asserts a claim against Hearing Investigator Melinda Severs (Severs) and others for due process violations that allegedly occurred during the disciplinary proceedings. Specifically, Plaintiff alleges: that Severs, originally identified as John Doe 5 and later identified by name, failed to investigate the ODR before the hearing; that Lieutenant John Schoenback, Terrance Jackson, and Officer Walker served as members of the Adjustment Committee while Schoenback also served as an internal affairs officer; that Plaintiff was not allowed to call witnesses or present relevant documents for his defense; and that although the evidence was insufficient to support the guilty finding, Plaintiff was found guilty anyway and punished with 90 days of segregation in conditions that presented an atypical and significant hardship for him.

Plaintiff's Complaint (Doc. 1) survived screening under 28 U.S.C. § 1915A, and he was allowed to proceed with three claims against the defendants, including the following claim against Severs:

**Count 1:** Fourteenth Amendment due process claim against Josh Schoenback, Terrance Jackson, Officer Walker, and Hearing Officer John Doe 5 (Melinda Severs)[1] for denying Plaintiff due process protections in connection with his prison disciplinary proceedings on January 5, 2021.

(Doc. 11).

## Motion to Dismiss (Doc. 39)

In lieu of an Answer, Severs filed a Motion to Dismiss Under Rule 12(b)(6). (Doc. 39). She argues that the allegations describing "John Doe 5" as "the hearing investigator who [was] supposed to investigate all major disciplinary reports and violated [Plaintiff's] due process rights by not doing so" only suggests that she failed to investigate the ODR and Plaintiff had no due process right to have his claims investigated at all. In support, Severs cites cases from the Fifth Circuit Court of Appeals and this district. *See id.* (citing *Geiger v. Iowers*, 404 F.3d 371, 374 (5th

---

[1] Plaintiff identified "Hearing Officer John Doe 5" as Melinda Severs on September 2022. (Docs. 31, 32).

Cir. 2005) (inmate's claim that prison officials failed to investigate his grievances that mailroom and security staff was stealing his property was indisputably meritless because inmate did not have a due process right to an investigation); *Wilkins v. Illinois Dep't of Corr.*, No. 8-cv-732-JPG, 2009 WL 1904414, at *9 (S.D. Ill. July 1, 2009) ("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was 'inadequate' and 'improper' does not state a constitutional claim."); *Watson v. Dodd*, No. 16-cv-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan 12, 2017) ("Because 'inmates do not have a due process right to have their claims investigated at all,' Plaintiff [did] not state an adequate due process claim for failure to investigate his alleged assault.") (internal citation omitted); *Jones v. Linn*, 19-cv-1307-SMY, 2020 WL 7342694 ("Because inmates do not have a due process right to have their claims investigated at all, Plaintiff fails to state a claim . . .")).

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the Complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

In his Complaint, Plaintiff alleges that Severs took no steps to investigate the basis for the disciplinary ticket against him, to determine whether exculpatory evidence existed, or to present this evidence to the plaintiff or adjustment committee. Plaintiff correctly points out that every case

3

cited by Severs pertains to Fourteenth Amendment due process claims arising from the failure to investigate an *inmate grievance* and not the failure of a hearing officer to investigate *major disciplinary charges* brought against an inmate.

Significantly, Count 1 survived initial screening pursuant to 28 U.S.C. § 1915A, which included an analysis of whether the allegations stated a plausible claim. Severs provides no basis for the Court to now dismiss the claim under Rule 12(b)(6), thereby reversing its previous determination. It appears she is simply seeking a do-over, which the Court is not inclined to give absent a meritorious legal basis.

Accordingly, the Motion to Dismiss Melinda Severs Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 39) is **DENIED**. Severs is **ORDERED** to file an Answer to the Complaint (Doc. 1) on or before **October 5, 2023**. *See* FED. R. CIV. P. 12(a)(4)(A).

### Plaintiff's Motion to Compel (Doc. 45)

Plaintiff seeks an order compelling Defendants' responses to his First Request for Production of Documents, which were allegedly incomplete, and his Second Request for Production of Documents, which were not submitted at all. However, Plaintiff has not properly identified which of his first requests were not answered completely or stated what information was lacking. Nor has Plaintiff responded to Defendants' assertion that they have submitted late responses to the second set. Therefore, Plaintiff's Motion to Compel (Doc. 45) is **DENIED without prejudice**. Plaintiff is free to file a Second Motion to Compel, if necessary, to resolve any lingering discovery disputes.

**Defendants' Motion to Stay Dispositive Motion Deadline (Doc. 48)**

Defendants' Motion to Stay Dispositive Motion Deadline (Doc. 48) is **GRANTED**. The Court will enter an Order containing amended scheduling deadlines after Defendant Severs answers the Complaint.

**Plaintiff's Motions for Copies (Docs. 49, 51)**

Plaintiff's Motions for Copies (Docs. 49, 51), in which he seeks a courtesy copy of the docket sheet, are **GRANTED**. The Clerk's Office is **DIRECTED** to **SEND** Plaintiff a copy of the docket sheet. Should Plaintiff seek additional copies, he must submit his request for copies in writing to the Clerk of Court and prepay the costs of all copies ($0.50 per page). 28 U.S.C. § 1914(b).[2]

**IT IS SO ORDERED**.

**DATED: 9/20/2023**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[2] Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).